UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS                                                              NO. 02-141

RANDOLPH WELCH                                                   SECTION "R"

**ORDER AND REASONS**

The Court has received a motion from defendant Randolph Welch seeking counsel "regarding [his] sentence[]" under 18 U.S.C. § 2113.[1] It is unclear what relief Welch wishes appointed counsel to assist him with, as he has not initiated any postconviction proceedings. Further, there is no constitutional or statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). To be sure, a Court may appoint counsel in a Section 2255 proceeding if it finds doing so would be "in the interests of justice." *See* Rules 6(a) and 8(c), Rules Governing Section 2255 Cases in the United States District Courts; *see also*

---

[1]    R. Doc. 36.

18 U.S.C. § 3006A(g). But Welch has not established that the relief he might seek involves complicated or unresolved issues. Accordingly, appointment of counsel would not serve the interests of justice.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __19th__ day of April, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE